IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY KNAPP : <br> 95 Beverly Drive : <br> Kintnersville, PA 18930 : <br> : CIVIL ACTION <br> Plaintiff, : <br> v. : No.: <br> : <br> THOMPSON GROUP, INC. : <br> 50 West Swamp Road : <br> Doylestown, PA 18901 : **JURY TRIAL DEMANDED** <br> and : <br> THE THOMPSON ORGANIZATION, INC.: <br> 50 West Swamp Road : <br> Doylestown, PA 18901 : <br> and : <br> JOHN G. THOMPSON : <br> 50 West Swamp Road : <br> Doylestown, PA 18901 : <br> : <br> Defendants. : <br> : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Timothy Knapp (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Thompson Group, Inc., The Thompson Organization, Inc., and John G. Thompson (hereinafter collectively referred to as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), and the Pennsylvania Human Relations Act ("PHRA").[1]  Plaintiff was unlawfully terminated by Defendants, and he suffered damages more fully described/sought herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file his lawsuit in advance of same

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

---

because of the date of issuance of his federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

2

7. Plaintiff is an adult who resides the above-captioned address.

8. Thompson Group, Inc. (hereinafter "Defendant TG") is a corporation which operates several automotive dealerships in Pennsylvania, with an address set forth in the above caption.

9. The Thompson Organization, Inc. (hereinafter "Defendant TO") is a corporation which operates several automotive dealerships in Pennsylvania, with an address set for the in the above caption.

10. John G. Thompson (hereinafter "Defendant JT"), owner/operator of Defendants TG and TO, is a high-level manager and decision maker concerning terms and conditions of employment for employees (including Plaintiff) of Defendants TG and TO, including but not limited to overall hiring, firing, discipline, compensation, and other business operations (among other duties).

11. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

12. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## **FACTUAL BACKGROUND**

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff was hired by Defendants on December 11, 2017, as a General Contractor, overseeing several of Defendants' Pennsylvania properties.

15. Plaintiff was originally hired and supervised by John H. ("Jack") Thompson, until his death in or about December of 2020, after which Plaintiff began to fall under the supervision of his son, Defendant JT.

16. Throughout Plaintiff's tenure with Defendant, he was a hard-working employee who performed his job well.

17. Plaintiff has and continues to suffer from ADA-qualifying disabilities, including but not limited to, hypertension and cardiomyopathy (and associated complications), which (at times) limited his ability to perform some daily life activities.

18. Despite Plaintiff's aforesaid disabilities and limitations, he was still able to perform the essential functions of his position well; however, he did require some reasonable accommodations.

19. For example, in or about the end of July of 2021, Plaintiff requested/was approved for 12 weeks of FMLA leave to care for/treat for complications associated with his aforesaid serious health conditions.

20. Throughout his aforesaid medical leave, Plaintiff kept Defendants' management, including but not limited to Defendant JT and Human Resources ("HR") Director, Jennifer May (hereinafter "May"), apprised of the status of his serious health conditions, including his anticipated return to work date of October 20, 2021.

21. In fact, leading up to Plaintiff's anticipated return to work, he reached out to May to inform her that his doctor was releasing him to return to work, without restrictions, on or about October 20, 2021.

22. During the aforesaid conversation with May (*see* Paragraph 21, *supra*), May informed Plaintiff that he would also need to be seen and cleared by the company doctor before being permitted to return to work.

23. It was Plaintiff's understanding at the time of his phone conversation with May, that his doctor had forwarded to Defendants a copy of the October 20, 2021 letter releasing him to return the work.

24. Thereafter, on or about Friday, October 22, 2021, Plaintiff met with May about returning to work, wherein she informed Plaintiff that his FMLA leave had been exhausted as of that day, and that he could return to work on Monday, October 25, 2021, with a note from his doctor.

25. Plaintiff reached out to his doctor's office late that same day (October 22, 2021) to confirm that they had provided the note to Defendants and was advised by the receptionist that it was in his file, and she would send it out.

26. While awaiting confirmation of Defendants' receipt of Plaintiff's doctor's note, as well as confirmation of an appointment with Defendants' own doctor (which May had stated was required prior to Plaintiff's return), Plaintiff was abruptly terminated by letter from May on October 26, 2021, which stated that Defendants were unable "to hold [his] job as a General Contractor any longer."

27. Plaintiff then reached out and met with Defendant JT on or about October 27, 2021, wherein Plaintiff provided Defendant JT a copy of his doctor's note and informed Defendant JT that he had never received confirmation from May about a scheduled evaluation with the company's doctor.

28. In response to Plaintiff providing his doctor's note to Defendant JT on or about October 27, 2021, Defendant JT simply ignored Plaintiff's doctor's note, stated that May had "handled that," and confirmed to Plaintiff that he was still terminated.

29. Defendants terminated Plaintiff without engaging in any interactive process or allowing Plaintiff the simple medical accommodation of being permitted to remain out of work a few extra days longer than his FMLA expiration, while Defendants sorted out what they claimed they required on their end for Plaintiff to return.

30. Moreover, as evidence of further retaliation by Defendants, following Plaintiff's abrupt termination, he was informed that he must immediately vacate the house that he had been leasing on Defendants' property, which was incredibly stressful and further exacerbated his aforesaid serious health conditions.

31. Plaintiff believes and therefore avers that he was terminated because of (1) his known, perceived, and/or record of disabilities; (2) in retaliation for requesting/utilizing reasonable medical accommodations; and/or (3) Defendants' complete and utter failure to accommodate his health conditions (set forth *supra*).

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)
-Against Defendants TG and TO Only-

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

34. Plaintiff kept Defendants' management informed of his serious medical conditions and need for medical treatment and other accommodations.

35. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times.

36. Plaintiff requested reasonable accommodations from Defendants, including but not limited to a medical leave of absence to care for and treat his serious health conditions.

37. Plaintiff was terminated from his employment with Defendants in close proximity to requesting/utilizing reasonable accommodations and while still out on medical leave.

38. Prior to abruptly terminating Plaintiff's employment, Defendants failed to (1) engage in the interactive process as required under the ADA; (2) accommodate Plaintiff under the ADA; or (3) hold his position open during his medical leave.

39. Plaintiff believes and therefore avers that he was terminated from his employment with Defendants because of: (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendants' failure to engage in the interactive process and/or to accommodate his disabilities (set forth *supra*).

40. These actions as aforesaid constitute violations of the ADA

## COUNT II
### Violations of the Family and Medical Leave Act ("FMLA")
([1] Retaliation & [2] Interference)
-Against All Defendants-

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

43. Plaintiff requested leave from Defendants, his employers, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

44. Plaintiff had at least 1,250 hours of service with Defendants during his last full year of employment.

45. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

46. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

47. Plaintiff was terminated in close proximity to his requests for a block medical leave to care for and treat his serious health conditions.

48. Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; (4) by making negative comments and/or taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA; and (5) failing to reinstate Plaintiff to the same or similar position upon being released to return to work from his FMLA leave.[2]

49. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

---

[2] *See e.g. Keim v. AMTRAK*, 2007 U.S. Dist. LEXIS 54200 (E.D Pa. 2007)(even where an employee is given 12 weeks of FMLA leave eliminating an interference claim, it constitutes unlawful retaliation to deny him or her reinstatement to his prior role where it was feasible).

8

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: September 20, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Timothy Knapp | : | CIVIL ACTION |
| v. | : | |
| Thompson Group, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 9/20/2022 | *[signature]* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 95 Beverly Drive, Kintnersville, PA 18930

Address of Defendant: 50 West Swamp Road, Doylestown, PA 18901

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/20/2022   _____/s/_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 9/20/2022   _____/s/_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KNAPP, TIMOTHY

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
THOMPSON GROUP, INC., ET AL.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | | 863 DIWC/DIWW (405(g)) | |
| 196 Franchise | | 740 Railway Labor Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| | | | | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | 535 Death Penalty | | | |
| 290 All Other Real Property | | **Other:** | **IMMIGRATION** | | |
| | 446 Amer. w/Disabilities - Other | 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education | 550 Civil Rights / 555 Prison Condition / 560 Civil Detainee - Conditions of Confinement | 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____  DOCKET NUMBER: _____

DATE: 9/20/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

Print | Save As... | Reset